Opinion issued November 2, 2006
 
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01091-CV
____________

GEORGE C. BROWN, Appellant

V.

 LUCY TRAYLOR, DARRYL KEITH WALKER, PAUL WAYNE
WALKER, ANTHONY C. WALKER, TERRY L. WALKER, and JAMES E.
WALKER, Appellees




On Appeal from Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 323,033-401




SUPPLEMENTAL OPINION ON REHEARING
          On April 27, 2006, the Court issued its opinion and judgment, which affirmed
the lower-court judgment in part, reversed it in part with respect to the award of
attorney’s fees, and remanded the cause for a determination of certain matters relating
to attorney’s fees. Appellant, George C. Brown (“George”), has moved for rehearing
and for en banc reconsideration. The panel denies the motion for rehearing. 
Furthermore, a majority of the justices of this Court deny the motion for en banc
reconsideration. The panel’s April 27, 2006 opinion and judgment remain unchanged
by this supplemental opinion, which we issue to address very briefly the opinion
dissenting from the denial of en banc reconsideration.
          With the exception of the dissenting justice’s arguments relating to the
publication of a will, virtually all of the dissenting justice’s arguments fall into one
of the following categories: (1) unassigned, non-fundamental error—raised neither
in appellant’s opening brief, in his untimely reply brief,


 or in his motions for
rehearing or for en banc reconsideration—which we are prohibited from considering;



(2) non-fundamental-error challenges that were not preserved below;


 or (3)
credibility determinations, which we cannot make in a factual-sufficiency review.


 
As for the dissenting justice’s arguments concerning publication, we have already
explained why the self-proving-affidavit provision of the Probate Code, upon which
the dissenting justice relies, does not apply to a will (like this one) that does not
contain such an affidavit. See Brown v. Traylor, No. 01-04-01091-CV, slip op. at
31–32 n.24, 2006 WL 1098265, at *11 n.24 (Tex. App.—Houston [1st Dist.] Apr. 27,
2006, no pet. h.) (“The purpose of the self-proving affidavit is to relieve the will’s
proponent of the burden of presenting witnesses to prove the will. Its purpose is not,
however, ‘to add anything to the list of formalities required for the execution of a
will.’ Therefore, the requirement that a self-proving affidavit contain the witnesses’
averment that the testator published the will to them does not alter the other
provisions of section 59(a), which do not require publication of the will itself.”)
(citations omitted).
 

 
Tim Taft
Justice

Panel consists of Justices Taft, Higley, and Bland.

Appellant moved for rehearing. The panel denied the motion for rehearing.

A majority of the justices of the Court voted to deny appellant’s motion for en banc
reconsideration. See Tex. R. App. P. 41.2(c).

Justice Keyes, dissenting from denial of en banc reconsideration.